**Michael Fuller, OSB No. 09357**
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
rssola@msn.com
Telephone 503-295-6880

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TRAVIS BOE**, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>**GARTEN SERVICES, INC.**,<br><br>          Defendant. | Case No. 3:18-cv-327<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>Fair Credit Reporting Act<br><br>Demand for Jury Trial |

**CLASS ACTION ALLEGATION COMPLAINT** – Page 1 of 15

1.

## NATURE OF THE CASE

Travis Boe (plaintiff) on behalf of himself and all others similarly situated, brings this class action complaint against Garten Services, Inc. (defendant) for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (FCRA), in regard to defendant's use of consumer reports for employment purposes.

2.

The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports." Congress included in the statutory scheme a series of due-process-like protections that impose strict rules on "users of consumer reports," such as defendant. The FCRA requires that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report and a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission (FTC), before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A). For purposes of this requirement, an "adverse action" includes "any … decision … that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

3.

Plaintiff contends that defendant systematically violates section 1681b(b)(3) of the FCRA by using consumer reports to take adverse employment actions without, beforehand, providing the person who is the subject of the report with timely notification, a copy of the report and a summary of rights under the FCRA, leaving the person who is the subject of the report without any meaningful opportunity to address any issues or correct any errors on the report.

4.

Defendant has willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirements by taking adverse employment action against plaintiff based on a consumer report, without first providing plaintiff with a copy of the consumer report and a written description of rights under the FCRA, as required by 15 U.S.C. § 1681b(b)(3). Every year, individuals who have applied to defendant for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

5.

Under 15 U.S.C. § 1681n and § 1681o, plaintiff seeks damages and relief for himself and a class of similarly situated consumers for whom defendant failed to comply with the pre-adverse action notification requirements of FCRA section 1681b(b)(3).

6.

## JURISDICTION AND THE PARTIES

Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

7.

Plaintiff Travis Boe is an adult individual who resides in Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8.

Defendant Garten Services, Inc. is a person that uses "consumer reports" for "employment purposes", as those terms are defined by 15 U.S.C. § 1681a(d) and (h). Defendant takes "adverse actions," as that term is defined by 15 U.S.C. § 1681a(k), based on consumer reports. Defendant took adverse action against plaintiff from its office in Salem, Oregon.

9.

## FACTUAL ALLEGATIONS

In or around May 2017, plaintiff sought employment with defendant by contacting defendant's Salem, Oregon office. Defendant told plaintiff his employment was contingent on passing a pre-employment background check. About two weeks after plaintiff initially contacted defendant he still had not heard back so he reached out to defendant's manager.

10.

Defendant's manager told plaintiff that he would not be hired because he did not pass defendant's background check. Defendant's manager told plaintiff he could contact defendant's human resources department for more information. Plaintiff explained to defendant's manager that he had never before been turned down for a job based on his background report and asked if human resources could provide him a copy of the background report it used to deny him employment. Defendant's manager told plaintiff she did not know if human resources would provide him a copy of his background report, and stated that she never receives the background reports from human resources.

11.

In or around June 2017, plaintiff contacted defendant's human resources department as defendant's manager had told him to do. Plaintiff explained the situation and requested a copy of his background report. Defendant said it could not provide plaintiff with a copy of his background report because defendant had shredded the report.

12.

At no time did defendant provide plaintiff a copy of his background report or a written description of his rights under the FCRA prior to taking its adverse employment action against him.

13.

Defendant routinely obtains and uses consumer reports, including background reports, on its job applicants as part of a standard screening process.

14.

Defendant does not perform these background checks in-house. Rather, defendant obtains and uses consumer reports purchased from consumer reporting agencies.

15.

Defendant typically does not provide job applicants with a copy of their consumer reports before it takes adverse action against them based on the information in such reports, despite being required to do so by § 1681b(b)(3)(A) of the FCRA.

16.

This practice violates one of the most fundamental protections afforded to job applicants under the FCRA, and also runs counter to longstanding regulatory guidance.

17.

The FTC has long held that section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information in case the report is inaccurate or incomplete." *See* FTC letter dated June 9, 1998 to A. Michael Rosen, Esq.

18.

A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer before taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or discuss the report with the prospective employer before adverse action is taken. *See* FTC letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken").

19.

Consistent with that purpose, federal courts in Oregon and other jurisdictions have held that job applicants must have a "real opportunity" to contest an adverse employment decision based on a consumer report, which includes providing the report to the applicant so the applicant has enough time before the adverse action is taken to meaningfully contest or explain the contents of the report. *See, e.g., Magallon v. Robert Half Int'l, Inc.*, 2015 U.S. Dist. Lexis 153584, at *11-13 (D. Or. Nov. 10, 2015); *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 848 F.Supp 2d 532, 537, 540 (E.D. Pa. 2012); *Reardon v. Closetmaid Corporation*, 2011 U.S. Dist. LEXIS 45373 (W.D. Pa. April 27, 2011).

20.

By means of these cases and others construing § 1681b(b)(3)(A), defendant had substantial notice that its conduct violated the FCRA.

21.

By failing to provide plaintiff and other class members with copies of their consumer reports prior to taking adverse action against them based on the reports, defendant willfully and negligently disregarded the case law, regulatory guidance, and the plain language of the FCRA, § 1681b(b)(3)(A).

22.

Defendant's conduct was a result of its deliberate policies and practices, and was taken in reckless disregard for a consumer's rights under the FCRA, and further assumed an unjustifiably high risk of harm.

23.

Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of defendant.

24.

**CLASS ACTION ALLEGATIONS**

Plaintiff initially defines the putative classes as follows:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States), who were the subject of a consumer report that was used by defendant to take an adverse employment action regarding such person, within five years prior to the filing of this action and extending through its resolution, and to whom defendant did not provide a copy of the consumer report and a written description of rights as provided in 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before it took the adverse action.

25.

Excluded from the class are all attorneys for the class, officers and directors of defendant, including officers and directors of any entity with an ownership interest in defendant, any judge who sits on the case, and all jurors and alternate jurors who sit on the case. Plaintiff reserves the right to amend the definition of the class based on discovery or legal developments.

26.

The class is so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to defendant, defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and relies on such information, in whole or in part, as a basis for adverse action.

27.

Common questions of law and fact exist as to all members of the class, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

A. Whether defendant failed to provide each person a copy of their consumer report at least five business days before defendant took adverse action based on the consumer report;

**B.** Whether defendant failed to provide each person a written description of their FCRA rights at least five business days before defendant took adverse action based on the consumer report; and

**C.** Whether defendant acted willfully or negligently in failing to comply with the FCRA.

28.

Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories. Defendant typically uses consumer reports to conduct background checks on prospective employees. Defendant typically does not provide copies of consumer reports or a description of FCRA rights to prospective employees before taking adverse action based on information in such reports.

29.

Plaintiff will fairly and adequately protect and represent the interests of the class because his claim is typical of the claims of the class, he is represented by nationally known and locally respected attorneys who have experience handling class action litigation and FCRA cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the class.

30.

Questions of law and fact common to the class predominate over questions affecting only individual class members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Defendant's behavior described in this complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the class do not have an interest in pursuing separate actions against defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Even if the members of the class themselves could afford such individual litigation, it would increase the delay and expense for all parties and be an unnecessary burden on the courts. Further, the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

31.

By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

32.

**CLAIM FOR RELIEF**

Plaintiff realleges and incorporates the paragraphs above.

33.

Defendant used a consumer report for employment purposes, and took adverse action against plaintiff and class members, based in whole or in part on the consumer report.

34.

Defendant willfully and/or negligently failed to comply with the requirements of the FCRA, § 1681b(b)(3)(A) by failing to provide plaintiff and class members with a copy of the consumer report and a description of rights under the FCRA before taking the adverse action.

35.

Under 15 U.S.C. § 1681n and § 1681o, defendant is liable to plaintiff and each class member for actual damages; statutory damages of not less that $100 and not more than $1,000 per violation; punitive damages; attorney fees; and costs.

36.

## JURY TRIAL DEMAND

Plaintiff and the putative class members are entitled to and so respectfully demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, for himself and each class member, as follows:

**A.** An order certifying this case as a class action on behalf of the proposed class under Federal Rule of Civil Procedure 23 and appointing plaintiff and his counsel to represent the class;

**B.** Actual damages to be determined by the jury;

**C.** Statutory damages of not less than $100 and not more than $1,000 per violation per class member, to be determined by the jury;

**D.** Punitive damages to be determined by the jury;

**E.** Attorney fees;

**F.** Costs; and

**G.** Such other relief as may be just and proper.

February 22, 2018

                              **RESPECTFULLY FILED,**

                              s/ Michael Fuller
                              **Michael Fuller, OSB No. 09357**
                              Lead Trial Attorney for Plaintiff
                              Olsen Daines PC
                              US Bancorp Tower
                              111 SW 5th Ave., Suite 3150
                              Portland, Oregon 97204
                              michael@underdoglawyer.com
                              Direct 503-201-4570